## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Northstar Healthcare Consulting, LLC
_____

_____

_____

PLAINTIFF

VS.

Magellan Behavioral Health, Systems, LLC,
_____

Magellan Healthcare, Inc., Magellan
_____

**Behavior Services, Inc., et al.**
_____

DEFENDANT

**17A 01468-6**

CIVIL ACTION
NUMBER:_____

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David I. Matthews, Esq.**
**Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC**
**3344 Peachtree Road, NE, Suite 2400**
**Atlanta, GA  30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____17_____ day of _____february_____, 20_17_.

Richard T. Alexander, Jr.,
Clerk of Superior Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

**IN THE SUPERIOR COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

2017 FEB 17  PM 3: 53

RICHARD ALEXANDER, CLERK

NORTHSTAR HEALTHCARE
CONSULTING, LLC,

     Plaintiff,

v.

MAGELLAN BEHAVIORAL HEALTH
SYSTEMS, LLC, MAGELLAN
HEALTHCARE, INC., MAGELLAN
BEHAVIORAL SERVICES, INC.,
MAGELLAN HEALTH, INC., MAGELLAN
HEALTHCARE OF GEORGIA, INC.,
MAGELLAN MEDICAID
ADMINISTRATION, INC., MAGELLAN RX
MANAGEMENT, LLC

     Defendants.

CIVIL ACTION **17A 01468-6**

FILE NO. _____

## COMPLAINT

**COMES NOW** NorthStar Healthcare Consulting, LLC ("**NorthStar**"), by and through

its undersigned counsel of record and files this Complaint against Magellan Behavioral Health

Systems, LLC, Magellan Healthcare, Inc., Magellan Behavioral Services, Inc., Magellan Health,

Inc., Magellan Healthcare of Georgia, Inc., Magellan Medicaid Administration, Inc., and

Magellan Rx Management, LLC (sometimes collectively referred to as "Defendants" or

"Magellan"), and hereby declares as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.

     NorthStar is an active/compliant domestic, limited liability company, duly authorized and

registered to do business in Georgia, with its principal office at 1121 Alderman Drive, Suite 112,

Fulton County, Alpharetta, Georgia 30005.

2.

Magellan Behavioral Health Systems, LLC is a foreign, for-profit corporation organized under the laws of the State of Utah with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046. Magellan Behavioral Health Systems, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Behavioral Health Systems, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

Magellan Healthcare, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046. Magellan Healthcare, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Healthcare, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Magellan Behavioral Services, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046. Magellan Behavioral Services, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on

2

Magellan Behavioral Services, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

5.

Magellan Health, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 4800 N. Scottdale Rd., Suite 4400, Scottsdale, Arizona 85251. Magellan Health, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Health, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

6.

Magellan Healthcare of Georgia, Inc. is a domestic, for-profit corporation organized under the laws of the State of Georgia with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046. Magellan Healthcare of Georgia, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Healthcare of Georgia, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

7.

Magellan Medicaid Administration, Inc. is a foreign, for-profit corporation organized under the laws of the State of Virginia with a principal office in the State of Virginia and

3

licensed to do business in in the State of Georgia, with its principal office at 11013 W. Broad Street, Suite 500, Glen Allen, Virginia 23060. Magellan Medicaid Administration, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Medicaid Administration, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

8.

Magellan Rx Management, LLC is a foreign, limited liability company organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 15950 N. 76th Street, #200, Scottsdale, Arizona 85260. Magellan Rx Management, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Rx Management, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

9.

This Court has subject matter jurisdiction over all claims brought herein because the Defendants each maintain a registered agent in the state of Georgia, transact business in Georgia, and the claims are within the Superior Court's general jurisdiction.

10.

Venue lies in the Superior Court of Gwinnett County, Georgia, because the Defendants all maintain a registered agent in Gwinnett County.

4

## STATEMENT OF FACTS

11.

NorthStar repeats and re-alleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.

On or about April 10, 2013, NorthStar entered into a contract to provide certain services to Magellan (the "**Contract**"), including the sale of certain pharmacy audits and generation, production, mailing, and tracking of outcomes relative to Verification of Benefits Letters services ("**Services**").

13.

The Contract was drafted by Magellan.

14.

The Contract is governed by and in accordance with the laws of the State of Illinois.

15.

NorthStar's scope of work was defined by the Contract and attachments. Magellan has a copy of the Contract in its possession, custody, and control.

16.

One of the clients that was serviced pursuant to the Contract was TennCare—the state Medicaid program for the State of Tennessee.

17.

In order to perform its Services under the Contract, NorthStar utilized and further developed confidential and proprietary algorithms that are designed to find pharmacy claims that

are fraudulently, erroneously, or suspiciously filed, among other things ("**Proprietary Information**").

18.

The Contract contains a confidentiality provision that states as follows:

Confidential Information shall mean and include any financial, operational, technical and other information relating to the past, present and future businesses and affairs of the party disclosing the information (the "Disclosing Party"), which information is provided to the other party (the "Receiving Party"), whether such information is provided in written, oral, graphic, pictorial or recorded form or stored on computer disks, hard drives, magnetic tape or digital or any other electronic medium. The Receiving party shall use reasonable efforts to ensure that Confidential Information is not disclosed to any third party, except employees and agents as require. Confidential information provided to Seller pursuant to this Agreement shall, at Magellan's direction, forthwith be returned to Magellan or be destroyed, together with all copies made by Seller and by anyone to whom such confidential information has been made available by Seller. It is understood that the term "Confidential Information" does not mean and shall not include information which:

- now is or hereinafter becomes part of the public domain without breach of any obligation owed to the Disclosing Party;
- prior to disclosure hereunder is within the possession of the Receiving Party, provided that such Confidential Information is not the subject of another confidentiality agreement with or other obligation of secrecy to the Disclosing Party;
- is disclosed with the prior written approval of the Disclosing Party;
- is obligated to be produced under order of a court of competent jurisdiction or a valid administrative, congressional, or other subpoena, civil investigative demand or similar process; provided, however, that upon issuance of any such order, subpoena, demand or other process, the Receiving Party shall promptly notify the Disclosing Party so that to allow the potential opportunity to obtain a protective order;
- is independently developed by the Receiving Party without any breach of this Agreement, as evidenced by its contemporaneous written records; or
- is necessary to establish rights or enforce obligations under this Agreement.

19.

On or about August 14, 2013, Magellan represented to NorthStar that it needed NorthStar's proprietary information for an internal audit.

20.

NorthStar rejected Magellan's request for its Proprietary Information citing the sensitive and confidential nature of the information.

21.

On or about August 14, 2013, Magellan again requested NorthStar's Proprietary Information stating that its mutual client, TennCare, was requesting the information.

22.

Based on the representation that TennCare was requesting the information, NorthStar sent a document to Magellan containing the Proprietary Information, with very minor modifications made specific to TennCare to reflect its laws and policies.

23.

Thereafter, Defendants rebranded NorthStar's Proprietary Information and posted it on its website. Based upon information and belief, the Proprietary Information that NorthStar sent to Magellan—with minor modifications made specific to TennCare to reflect its laws and policies—was never disseminated to TennCare.

24.

As of the filing of this Complaint, Defendants wrongfully continued to make NorthStar's Proprietary Information available on its website.

25.

NorthStar has repeatedly demanded that Defendants cease making NorthStar's Proprietary Information publicly available.   However, Defendants continued to use said Proprietary Information at certain times.

## COUNT I

## BREACH OF CONTRACT AGAINST DEFENDANTS

26.

NorthStar repeats and re-alleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

27.

Under the Contract, Defendants were prohibited from disclosing confidential information, including operations, technical, and other information to any third party, except as required by employees and agents.

28.

Defendants breached the Contract by disclosing, without justification, NorthStar's Proprietary Information on its website.  Defendants have been in breach of the Contract since at least November 15, 2016, and continue to be in breach of the Contract as of the filing of this Complaint.  Defendants may have committed additional breaches of the Contract.

29.

As the direct and proximate result of Defendants' breach of contract, NorthStar has suffered damages.

8

30.

NorthStar has satisfied all conditions precedent entitling it to recover for breach of the Contract.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of contract as are proven at trial, together with interest, costs and attorneys' fees.

## COUNT II

## UNJUST ENRICHMENT/QUANTUM MERUIT

31.

NorthStar repeats and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

32.

In the alternative, NorthStar conferred a benefit upon Defendants by rendering services and providing materials in furtherance of Defendants' business as described herein.

33.

Defendants solicited, accepted and benefitted from, and have been unjustly enriched by the Proprietary Information provided to it by NorthStar as described above, to the detriment of NorthStar, for which NorthStar has not been compensated.

34.

Defendants knowingly retained their ill-gotten benefit, and it would be unjust for them to retain the same without full compensation of NorthStar.

35.

As a direct and proximate result of Defendants being unjustly enriched, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for unjust enrichment as are proven at trial, together with interest, costs and attorney's fees.

## COUNT III

## BREACH OF ILLINOIS TRADE SECRETS ACT

36.

NorthStar repeats and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

37.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, acquiring NorthStar's Proprietary Information while knowing that the Proprietary Information belonged to NorthStar and that it was acquired by improper means.

38.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, disclosing NorthStar's Proprietary Information without express or implied consent after acquiring such information through improper means.

39.

As a direct and proximate result of Defendants breaching the Illinois Trade Secrets Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for breach of the Illinois Trade Secrets Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT IV

## BREACH OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

40.

NorthStar repeats and re-alleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

41.

Defendants breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by, among other things, passing off NorthStar's Proprietary Information as its own.

42.

Defendants further breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by causing confusion and misunderstanding as to the source, sponsorship, approval, or certification of NorthStar's Proprietary Information.

43.

As a direct and proximate result of Defendants breaching the Illinois Uniform Deceptive Trade Practices Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of the Uniform Deceptive Trade Practices Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT V

## INJUNCTIVE RELIEF

44.

NorthStar repeats and re-alleges paragraphs 1 through 42 of the Complaint as if fully set forth herein.

45.

Defendants continue to violate the Contract by the continued publication of NorthStar's Proprietary Information on Defendants' website.

46.

NorthStar is entitled to injunctive relief pursuant to 765 Ill. Comp. Stat. Ann. 1065/3 as actual misappropriation may be enjoined in order to eliminate the commercial advantage that would otherwise be derived from the misappropriation.

47.

NorthStar is entitled to injunctive relief pursuant to 815 Ill. Comp. Stat. Ann. 510/3 as NorthStar is likely to be damaged by the deceptive trade practices of Defendants.

48.

Further, paragraph 14 of the Contract provides as follows:

Since the violation by the Receiving Party of the provisions of this section could cause irreparable harm to the Disclosing Party and there is no adequate remedy at law for such violation, Disclosing Party shall have the right, in addition to any other remedies available to it at law or in equity, to enjoin the Receiving Party from violating such provisions.

WHEREFORE NorthStar is entitled to injunctive relief as against Defendants.

**WHEREFORE**, NorthStar prays for:

(a)    Breach of contract damages against Defendants in an amount to be proven at trial;

(b)    Alternatively, unjust enrichment or quantum meruit damages against Defendants in an amount to be proven at trial;

(c)    Damages pursuant to the Illinois Trade Secrets Act;

(d)    Damages pursuant to the Illinois Uniform Deceptive Trade Practices Act;

(e)    Injunctive Relief;

(f)    Costs of the suit incurred herein;

(g)    Reasonable attorneys' fees;

(h)    Interest at the legal rate until paid in full;

(i)    Trial by jury on issues so triable; and

(j)    Such other and further relief as the Court may deem just and proper.

DATED: February 17, 2017.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

David J. Matthews
Georgia Bar No.: 477510
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Plaintiff, NorthStar Healthcare
Consulting, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
404-876-2700
404-875-9433 Fax
dmatthews@wwhgd.com
ggreen@wwhgd.com

13

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____ **W7A 01468-6**

|  | Superior Court | ☒ | Magistrate Court | ☐ |
|---|---|---|---|---|
|  | State Court | ☐ | Probate Court | ☐ |
|  | Juvenile Court | ☐ |  |  |

Date Filed _____ 2-17-17 _____

Georgia, _Gwinnett_ _____ COUNTY

Attorney's Address

David I. Matthews
Weinberg, Wheeler, Hudgins Gunn
+ Dial, LLC
3344 Peachtree Rd, Ste. 2400
Atlanta GA 30326

_Northstar Healthcare_

_Consulting, LLC_ _____

_____ Plaintiff

vs.

_Magellan Behaviorial Health_

_Systems, LLC, et al._ _____ Defendant

Name and Address of Party to be Served.

Magellan Behavioral Health Systems, LLC
Registered Agent = Corporation Service Co.
40 Technology Parkway South, Ste. 300
Norcross, GA 30092

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served to defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐

Served the defendant _Magellan Behavioral Health System_ a corporation by leaving a copy of the within action and summons with _Alike Smith_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _22_ day of _Feb_ , 20_17_

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Northstar Healthcare Consulting, LLC

_____

_____

_____

                                    PLAINTIFF

                VS.

Magellan Behavioral Health, Systems, LLC,
_____

Magellan Healthcare, Inc., Magellan
_____

**Behavior Services, Inc., et al.**
_____

                              DEFENDANT

**17A  01468-6**

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David I. Matthews, Esq.
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA  30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____17_____ day of _____february_____, 20_17_.

                              Richard T. Alexander, Jr.,
                              Clerk of Superior Court

                              By_____
                                 (Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

**IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

2017 FEB 17  PM 3: 53

RICHARD ALEXANDER. CLERK

NORTHSTAR HEALTHCARE
CONSULTING, LLC,

    Plaintiff,

v.

MAGELLAN BEHAVIORAL HEALTH
SYSTEMS, LLC, MAGELLAN
HEALTHCARE, INC., MAGELLAN
BEHAVIORAL SERVICES, INC.,
MAGELLAN HEALTH, INC., MAGELLAN
HEALTHCARE OF GEORGIA, INC.,
MAGELLAN MEDICAID
ADMINISTRATION, INC., MAGELLAN RX
MANAGEMENT, LLC

    Defendants.

CIVIL ACTION **17A  01468-6**

FILE NO. _____

**COMPLAINT**

**COMES NOW** NorthStar Healthcare Consulting, LLC ("**NorthStar**"), by and through

its undersigned counsel of record and files this Complaint against Magellan Behavioral Health

Systems, LLC, Magellan Healthcare, Inc., Magellan Behavioral Services, Inc., Magellan Health,

Inc., Magellan Healthcare of Georgia, Inc., Magellan Medicaid Administration, Inc., and

Magellan Rx Management, LLC (sometimes collectively referred to as "Defendants" or

"Magellan"), and hereby declares as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1.

NorthStar is an active/compliant domestic, limited liability company, duly authorized and

registered to do business in Georgia, with its principal office at 1121 Alderman Drive, Suite 112,

Fulton County, Alpharetta, Georgia 30005.

2.

Magellan Behavioral Health Systems, LLC is a foreign, for-profit corporation organized under the laws of the State of Utah with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Health Systems, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on Magellan Behavioral Health Systems, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

Magellan Healthcare, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Healthcare, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on Magellan Healthcare, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Magellan Behavioral Services, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Services, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on

Magellan Behavioral Services, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

5.

Magellan Health, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 4800 N. Scottdale Rd., Suite 4400, Scottsdale, Arizona 85251. Magellan Health, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Health, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

6.

Magellan Healthcare of Georgia, Inc. is a domestic, for-profit corporation organized under the laws of the State of Georgia with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046. Magellan Healthcare of Georgia, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Healthcare of Georgia, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

7.

Magellan Medicaid Administration, Inc. is a foreign, for-profit corporation organized under the laws of the State of Virginia with a principal office in the State of Virginia and

3

licensed to do business in in the State of Georgia, with its principal office at 11013 W. Broad Street, Suite 500, Glen Allen, Virginia 23060. Magellan Medicaid Administration, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Medicaid Administration, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

8.

Magellan Rx Management, LLC is a foreign, limited liability company organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 15950 N. 76th Street, #200, Scottsdale, Arizona 85260. Magellan Rx Management, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Rx Management, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

9.

This Court has subject matter jurisdiction over all claims brought herein because the Defendants each maintain a registered agent in the state of Georgia, transact business in Georgia, and the claims are within the Superior Court's general jurisdiction.

10.

Venue lies in the Superior Court of Gwinnett County, Georgia, because the Defendants all maintain a registered agent in Gwinnett County.

## STATEMENT OF FACTS

11.

NorthStar repeats and re-alleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.

On or about April 10, 2013, NorthStar entered into a contract to provide certain services to Magellan (the "**Contract**"), including the sale of certain pharmacy audits and generation, production, mailing, and tracking of outcomes relative to Verification of Benefits Letters services ("**Services**").

13.

The Contract was drafted by Magellan.

14.

The Contract is governed by and in accordance with the laws of the State of Illinois.

15.

NorthStar's scope of work was defined by the Contract and attachments.  Magellan has a copy of the Contract in its possession, custody, and control.

16.

One of the clients that was serviced pursuant to the Contract was TennCare—the state Medicaid program for the State of Tennessee.

17.

In order to perform its Services under the Contract, NorthStar utilized and further developed confidential and proprietary algorithms that are designed to find pharmacy claims that

are fraudulently, erroneously, or suspiciously filed, among other things (**"Proprietary Information"**).

18.

The Contract contains a confidentiality provision that states as follows:

Confidential Information shall mean and include any financial, operational, technical and other information relating to the past, present and future businesses and affairs of the party disclosing the information (the "Disclosing Party"), which information is provided to the other party (the "Receiving Party"), whether such information is provided in written, oral, graphic, pictorial or recorded form or stored on computer disks, hard drives, magnetic tape or digital or any other electronic medium. The Receiving party shall use reasonable efforts to ensure that Confidential Information is not disclosed to any third party, except employees and agents as require.  Confidential information provided to Seller pursuant to this Agreement shall, at Magellan's direction, forthwith be returned to Magellan or be destroyed, together with all copies made by Seller and by anyone to whom such confidential information has been made available by Seller. It is understood that the term "Confidential Information" does not mean and shall not include information which:

- now is or hereinafter becomes part of the public domain without breach of any obligation owed to the Disclosing Party;
- prior to disclosure hereunder is within the possession of the Receiving Party, provided that such Confidential Information is not the subject of another confidentiality agreement with or other obligation of secrecy to the Disclosing Party;
- is disclosed with the prior written approval of the Disclosing Party;
- is obligated to be produced under order of a court of competent jurisdiction or a valid administrative, congressional, or other subpoena, civil investigative demand or similar process; provided, however, that upon issuance of any such order, subpoena, demand or other process, the Receiving Party shall promptly notify the Disclosing Party so that to allow the potential opportunity to obtain a protective order;
- is independently developed by the Receiving Party without any breach of this Agreement, as evidenced by its contemporaneous written records; or
- is necessary to establish rights or enforce obligations under this Agreement.

6

19.

On or about August 14, 2013, Magellan represented to NorthStar that it needed NorthStar's proprietary information for an internal audit.

20.

NorthStar rejected Magellan's request for its Proprietary Information citing the sensitive and confidential nature of the information.

21.

On or about August 14, 2013, Magellan again requested NorthStar's Proprietary Information stating that its mutual client, TennCare, was requesting the information.

22.

Based on the representation that TennCare was requesting the information, NorthStar sent a document to Magellan containing the Proprietary Information, with very minor modifications made specific to TennCare to reflect its laws and policies.

23.

Thereafter, Defendants rebranded NorthStar's Proprietary Information and posted it on its website.  Based upon information and belief, the Proprietary Information that NorthStar sent to Magellan—with minor modifications made specific to TennCare to reflect its laws and policies—was never disseminated to TennCare.

24.

As of the filing of this Complaint, Defendants wrongfully continued to make NorthStar's Proprietary Information available on its website.

25.

NorthStar has repeatedly demanded that Defendants cease making NorthStar's Proprietary Information publicly available.   However, Defendants continued to use said Proprietary Information at certain times.

## COUNT I

## BREACH OF CONTRACT AGAINST DEFENDANTS

26.

NorthStar repeats and re-alleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

27.

Under the Contract, Defendants were prohibited from disclosing confidential information, including operations, technical, and other information to any third party, except as required by employees and agents.

28.

Defendants breached the Contract by disclosing, without justification, NorthStar's Proprietary Information on its website.  Defendants have been in breach of the Contract since at least November 15, 2016, and continue to be in breach of the Contract as of the filing of this Complaint.  Defendants may have committed additional breaches of the Contract.

29.

As the direct and proximate result of Defendants' breach of contract, NorthStar has suffered damages.

8

30.

NorthStar has satisfied all conditions precedent entitling it to recover for breach of the Contract.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of contract as are proven at trial, together with interest, costs and attorneys' fees.

## COUNT II

## UNJUST ENRICHMENT/QUANTUM MERUIT

31.

NorthStar repeats and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

32.

In the alternative, NorthStar conferred a benefit upon Defendants by rendering services and providing materials in furtherance of Defendants' business as described herein.

33.

Defendants solicited, accepted and benefitted from, and have been unjustly enriched by the Proprietary Information provided to it by NorthStar as described above, to the detriment of NorthStar, for which NorthStar has not been compensated.

34.

Defendants knowingly retained their ill-gotten benefit, and it would be unjust for them to retain the same without full compensation of NorthStar.

35.

As a direct and proximate result of Defendants being unjustly enriched, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for unjust enrichment as are proven at trial, together with interest, costs and attorney's fees.

## COUNT III

### BREACH OF ILLINOIS TRADE SECRETS ACT

36.

NorthStar repeats and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

37.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, acquiring NorthStar's Proprietary Information while knowing that the Proprietary Information belonged to NorthStar and that it was acquired by improper means.

38.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, disclosing NorthStar's Proprietary Information without express or implied consent after acquiring such information through improper means.

39.

As a direct and proximate result of Defendants breaching the Illinois Trade Secrets Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for breach of the Illinois Trade Secrets Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT IV

## BREACH OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

40.

NorthStar repeats and re-alleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

41.

Defendants breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by, among other things, passing off NorthStar's Proprietary Information as its own.

42.

Defendants further breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by causing confusion and misunderstanding as to the source, sponsorship, approval, or certification of NorthStar's Proprietary Information.

43.

As a direct and proximate result of Defendants breaching the Illinois Uniform Deceptive Trade Practices Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of the Uniform Deceptive Trade Practices Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT V

### INJUNCTIVE RELIEF

44.

NorthStar repeats and re-alleges paragraphs 1 through 42 of the Complaint as if fully set forth herein.

45.

Defendants continue to violate the Contract by the continued publication of NorthStar's Proprietary Information on Defendants' website.

46.

NorthStar is entitled to injunctive relief pursuant to 765 Ill. Comp. Stat. Ann. 1065/3 as actual misappropriation may be enjoined in order to eliminate the commercial advantage that would otherwise be derived from the misappropriation.

47.

NorthStar is entitled to injunctive relief pursuant to 815 Ill. Comp. Stat. Ann. 510/3 as NorthStar is likely to be damaged by the deceptive trade practices of Defendants.

48.

Further, paragraph 14 of the Contract provides as follows:

Since the violation by the Receiving Party of the provisions of this section could cause irreparable harm to the Disclosing Party and there is no adequate remedy at law for such violation, Disclosing Party shall have the right, in addition to any other remedies available to it at law or in equity, to enjoin the Receiving Party from violating such provisions.

WHEREFORE NorthStar is entitled to injunctive relief as against Defendants.

**WHEREFORE**, NorthStar prays for:

(a)    Breach of contract damages against Defendants in an amount to be proven at trial;

(b)    Alternatively, unjust enrichment or quantum meruit damages against Defendants in an amount to be proven at trial;

(c)    Damages pursuant to the Illinois Trade Secrets Act;

(d)    Damages pursuant to the Illinois Uniform Deceptive Trade Practices Act;

(e)    Injunctive Relief;

(f)    Costs of the suit incurred herein;

(g)    Reasonable attorneys' fees;

(h)    Interest at the legal rate until paid in full;

(i)    Trial by jury on issues so triable; and

(j)    Such other and further relief as the Court may deem just and proper.

DATED: February 17, 2017.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

David J. Matthews
Georgia Bar No.: 477510
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Plaintiff, NorthStar Healthcare Consulting, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
404-876-2700
404-875-9433 Fax
dmatthews@wwhgd.com
ggreen@wwhgd.com

13

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____ **17A  01468 6**

Date Filed _____ 2-17-17

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, Gwinnett COUNTY

Attorney's Address

David I. Matthews
Weinberg Wheeler Hudgins, Gunn, & Dial
3344 Peachtree Rd NE  Ste. 2400
Atlanta, GA 30326

Northstar Healthcare
Consulting, LLC
_____ Plaintiff

VS.

Magellan Behavioral Health
Systems, LLC, et al
_____ Defendant

Name and Address of Party to be Served.

Magellan Behavorial Services Inc.
Registered Agent: Corporation Service Co.
40 Techology Parkway South Ste. 300
Norcross, Georgia 30092

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served to defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐  I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑  Served the defendant _Magellan Behavioral Services_ a corporation by leaving a copy of the within action and summons with _Alesha Smith_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _17_ day of _Feb_ , 20 _17_ .

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Northstar Healthcare Consulting, LLC

**7A 01468-6**

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

Magellan Behavioral Health, Systems, LLC,

Magellan Healthcare, Inc., Magellan

**Behavior Services, Inc., et al.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David I. Matthews, Esq.**
**Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC**
**3344 Peachtree Road, NE, Suite 2400**
**Atlanta, GA  30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ *17* _____ day of _____ *February* _____, 20 *17*

Richard T. Alexander, Jr.,
Clerk of Superior Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2017 FEB 17 PM 3:53

RICHARD ALEXANDER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NORTHSTAR HEALTHCARE             :
CONSULTING, LLC,                 :
                                 :
    Plaintiff,                 :
                                 :     CIVIL ACTION **17A  01468-6**
v.                               :
                                 :     FILE NO. _____
MAGELLAN BEHAVIORAL HEALTH       :
SYSTEMS, LLC, MAGELLAN           :
HEALTHCARE, INC., MAGELLAN       :
BEHAVIORAL SERVICES, INC.,       :
MAGELLAN HEALTH, INC., MAGELLAN  :
HEALTHCARE OF GEORGIA, INC.,     :
MAGELLAN MEDICAID               :
ADMINISTRATION, INC., MAGELLAN RX :
MANAGEMENT, LLC                  :
                                 :
    Defendants.                :

## COMPLAINT

    **COMES NOW** NorthStar Healthcare Consulting, LLC ("**NorthStar**"), by and through

its undersigned counsel of record and files this Complaint against Magellan Behavioral Health

Systems, LLC, Magellan Healthcare, Inc., Magellan Behavioral Services, Inc., Magellan Health,

Inc., Magellan Healthcare of Georgia, Inc., Magellan Medicaid Administration, Inc., and

Magellan Rx Management, LLC (sometimes collectively referred to as "Defendants" or

"Magellan"), and hereby declares as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.

    NorthStar is an active/compliant domestic, limited liability company, duly authorized and

registered to do business in Georgia, with its principal office at 1121 Alderman Drive, Suite 112,

Fulton County, Alpharetta, Georgia 30005.

2.

Magellan Behavioral Health Systems, LLC is a foreign, for-profit corporation organized under the laws of the State of Utah with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Health Systems, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on Magellan Behavioral Health Systems, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

Magellan Healthcare, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Healthcare, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on Magellan Healthcare, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Magellan Behavioral Services, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Services, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on

Magellan Behavioral Services, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

5.

Magellan Health, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 4800 N. Scottdale Rd., Suite 4400, Scottsdale, Arizona 85251.  Magellan Health, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Health, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

6.

Magellan Healthcare of Georgia, Inc. is a domestic, for-profit corporation organized under the laws of the State of Georgia with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.  Magellan Healthcare of Georgia, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Healthcare of Georgia, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

7.

Magellan Medicaid Administration, Inc. is a foreign, for-profit corporation organized under the laws of the State of Virginia with a principal office in the State of Virginia and

3

licensed to do business in in the State of Georgia, with its principal office at 11013 W. Broad Street, Suite 500, Glen Allen, Virginia 23060.  Magellan Medicaid Administration, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Medicaid Administration, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

8.

Magellan Rx Management, LLC is a foreign, limited liability company organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 15950 N. 76th Street, #200, Scottsdale, Arizona 85260.  Magellan Rx Management, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Rx Management, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

9.

This Court has subject matter jurisdiction over all claims brought herein because the Defendants each maintain a registered agent in the state of Georgia, transact business in Georgia, and the claims are within the Superior Court's general jurisdiction.

10.

Venue lies in the Superior Court of Gwinnett County, Georgia, because the Defendants all maintain a registered agent in Gwinnett County.

## STATEMENT OF FACTS

11.

NorthStar repeats and re-alleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.

On or about April 10, 2013, NorthStar entered into a contract to provide certain services to Magellan (the "**Contract**"), including the sale of certain pharmacy audits and generation, production, mailing, and tracking of outcomes relative to Verification of Benefits Letters services ("**Services**").

13.

The Contract was drafted by Magellan.

14.

The Contract is governed by and in accordance with the laws of the State of Illinois.

15.

NorthStar's scope of work was defined by the Contract and attachments. Magellan has a copy of the Contract in its possession, custody, and control.

16.

One of the clients that was serviced pursuant to the Contract was TennCare—the state Medicaid program for the State of Tennessee.

17.

In order to perform its Services under the Contract, NorthStar utilized and further developed confidential and proprietary algorithms that are designed to find pharmacy claims that

are fraudulently, erroneously, or suspiciously filed, among other things (**"Proprietary Information"**).

18.

The Contract contains a confidentiality provision that states as follows:

Confidential Information shall mean and include any financial, operational, technical and other information relating to the past, present and future businesses and affairs of the party disclosing the information (the "Disclosing Party"), which information is provided to the other party (the "Receiving Party"), whether such information is provided in written, oral, graphic, pictorial or recorded form or stored on computer disks, hard drives, magnetic tape or digital or any other electronic medium. The Receiving party shall use reasonable efforts to ensure that Confidential Information is not disclosed to any third party, except employees and agents as require.  Confidential information provided to Seller pursuant to this Agreement shall, at Magellan's direction, forthwith be returned to Magellan or be destroyed, together with all copies made by Seller and by anyone to whom such confidential information has been made available by Seller. It is understood that the term "Confidential Information" does not mean and shall not include information which:

- now is or hereinafter becomes part of the public domain without breach of any obligation owed to the Disclosing Party;
- prior to disclosure hereunder is within the possession of the Receiving Party, provided that such Confidential Information is not the subject of another confidentiality agreement with or other obligation of secrecy to the Disclosing Party;
- is disclosed with the prior written approval of the Disclosing Party;
- is obligated to be produced under order of a court of competent jurisdiction or a valid administrative, congressional, or other subpoena, civil investigative demand or similar process; provided, however, that upon issuance of any such order, subpoena, demand or other process, the Receiving Party shall promptly notify the Disclosing Party so that to allow the potential opportunity to obtain a protective order;
- is independently developed by the Receiving Party without any breach of this Agreement, as evidenced by its contemporaneous written records; or
- is necessary to establish rights or enforce obligations under this Agreement.

6

19.

On or about August 14, 2013, Magellan represented to NorthStar that it needed NorthStar's proprietary information for an internal audit.

20.

NorthStar rejected Magellan's request for its Proprietary Information citing the sensitive and confidential nature of the information.

21.

On or about August 14, 2013, Magellan again requested NorthStar's Proprietary Information stating that its mutual client, TennCare, was requesting the information.

22.

Based on the representation that TennCare was requesting the information, NorthStar sent a document to Magellan containing the Proprietary Information, with very minor modifications made specific to TennCare to reflect its laws and policies.

23.

Thereafter, Defendants rebranded NorthStar's Proprietary Information and posted it on its website.  Based upon information and belief, the Proprietary Information that NorthStar sent to Magellan—with minor modifications made specific to TennCare to reflect its laws and policies—was never disseminated to TennCare.

24.

As of the filing of this Complaint, Defendants wrongfully continued to make NorthStar's Proprietary Information available on its website.

7

25.

NorthStar has repeatedly demanded that Defendants cease making NorthStar's Proprietary Information publicly available. However, Defendants continued to use said Proprietary Information at certain times.

## COUNT I

## BREACH OF CONTRACT AGAINST DEFENDANTS

26.

NorthStar repeats and re-alleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

27.

Under the Contract, Defendants were prohibited from disclosing confidential information, including operations, technical, and other information to any third party, except as required by employees and agents.

28.

Defendants breached the Contract by disclosing, without justification, NorthStar's Proprietary Information on its website. Defendants have been in breach of the Contract since at least November 15, 2016, and continue to be in breach of the Contract as of the filing of this Complaint. Defendants may have committed additional breaches of the Contract.

29.

As the direct and proximate result of Defendants' breach of contract, NorthStar has suffered damages.

8

30.

NorthStar has satisfied all conditions precedent entitling it to recover for breach of the Contract.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of contract as are proven at trial, together with interest, costs and attorneys' fees.

## COUNT II

## UNJUST ENRICHMENT/QUANTUM MERUIT

31.

NorthStar repeats and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

32.

In the alternative, NorthStar conferred a benefit upon Defendants by rendering services and providing materials in furtherance of Defendants' business as described herein.

33.

Defendants solicited, accepted and benefitted from, and have been unjustly enriched by the Proprietary Information provided to it by NorthStar as described above, to the detriment of NorthStar, for which NorthStar has not been compensated.

34.

Defendants knowingly retained their ill-gotten benefit, and it would be unjust for them to retain the same without full compensation of NorthStar.

35.

As a direct and proximate result of Defendants being unjustly enriched, NorthStar incurred damages.

9

WHEREFORE NorthStar respectfully requests all damages for unjust enrichment as are proven at trial, together with interest, costs and attorney's fees.

**COUNT III**

**BREACH OF ILLINOIS TRADE SECRETS ACT**

36.

NorthStar repeats and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

37.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, acquiring NorthStar's Proprietary Information while knowing that the Proprietary Information belonged to NorthStar and that it was acquired by improper means.

38.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, disclosing NorthStar's Proprietary Information without express or implied consent after acquiring such information through improper means.

39.

As a direct and proximate result of Defendants breaching the Illinois Trade Secrets Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for breach of the Illinois Trade Secrets Act as are proven at trial, together with interest, costs and attorney's fees.

10

<u>COUNT IV</u>

<u>BREACH OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT</u>

40.

NorthStar repeats and re-alleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

41.

Defendants breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by, among other things, passing off NorthStar's Proprietary Information as its own.

42.

Defendants further breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by causing confusion and misunderstanding as to the source, sponsorship, approval, or certification of NorthStar's Proprietary Information.

43.

As a direct and proximate result of Defendants breaching the Illinois Uniform Deceptive Trade Practices Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of the Uniform Deceptive Trade Practices Act as are proven at trial, together with interest, costs and attorney's fees.

11

## COUNT V

## INJUNCTIVE RELIEF

44.

NorthStar repeats and re-alleges paragraphs 1 through 42 of the Complaint as if fully set forth herein.

45.

Defendants continue to violate the Contract by the continued publication of NorthStar's Proprietary Information on Defendants' website.

46.

NorthStar is entitled to injunctive relief pursuant to 765 Ill. Comp. Stat. Ann. 1065/3 as actual misappropriation may be enjoined in order to eliminate the commercial advantage that would otherwise be derived from the misappropriation.

47.

NorthStar is entitled to injunctive relief pursuant to 815 Ill. Comp. Stat. Ann. 510/3 as NorthStar is likely to be damaged by the deceptive trade practices of Defendants.

48.

Further, paragraph 14 of the Contract provides as follows:

Since the violation by the Receiving Party of the provisions of this section could cause irreparable harm to the Disclosing Party and there is no adequate remedy at law for such violation, Disclosing Party shall have the right, in addition to any other remedies available to it at law or in equity, to enjoin the Receiving Party from violating such provisions.

WHEREFORE NorthStar is entitled to injunctive relief as against Defendants.

**WHEREFORE**, NorthStar prays for:

(a)    Breach of contract damages against Defendants in an amount to be proven at trial;

(b)    Alternatively, unjust enrichment or quantum meruit damages against Defendants in an amount to be proven at trial;

(c)    Damages pursuant to the Illinois Trade Secrets Act;

(d)    Damages pursuant to the Illinois Uniform Deceptive Trade Practices Act;

(e)    Injunctive Relief;

(f)    Costs of the suit incurred herein;

(g)    Reasonable attorneys' fees;

(h)    Interest at the legal rate until paid in full;

(i)    Trial by jury on issues so triable; and

(j)    Such other and further relief as the Court may deem just and proper.


DATED: February 17, 2017.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

David J. Matthews
Georgia Bar No.: 477510
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Plaintiff, NorthStar Healthcare Consulting, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
404-876-2700
404-875-9433 Fax
dmatthews@wwhgd.com
ggreen@wwhgd.com

13

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____ **17A 01468-6**

| | | | |
|---|---|---|---|
| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Date Filed _____ 2-17-17 _____

Georgia, Gwinnett _____ COUNTY

Northstar Healthcare Consulting, LLC

_____ Plaintiff

Attorney's Address

David F. matthews, Esq.
3343 Peachtree Rd., Ste. 2400
Atlanta, GA 30326

vs.

Magellan Behavioral Health System, LLC, et al.

_____ Defendant

Name and Address of Party to be Served.

Magellan Health, Inc.
Registered Agent: Corporation Service Co.
40 Technology Parkway South, Ste. 300
Norcross, GA 30092

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served to defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒

Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20___

_____

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Northstar Healthcare Consulting, LLC**

**‡7A 01468-6**

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

Magellan Behavioral Health, Systems, LLC,

Magellan Healthcare, Inc., Magellan

**Behavior Services, Inc., et al.**

DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

David I. Matthews, Esq.
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA  30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___*17*___ day of *february*_____ , 20 *17*.

Richard T. Alexander, Jr.,
`Clerk of Superior Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

### IN THE SUPERIOR COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

2017 FEB 17  PM 3: 53

RICHARD ALEXANDER, CLERK

|  |  |  |
|---|---|---|
| NORTHSTAR HEALTHCARE CONSULTING, LLC, | : | |
| | : | |
| Plaintiff, | : | **17A  01468-6** |
| | : | CIVIL ACTION |
| v. | : | |
| | : | FILE NO. _____ |
| MAGELLAN BEHAVIORAL HEALTH SYSTEMS, LLC, MAGELLAN HEALTHCARE, INC., MAGELLAN BEHAVIORAL SERVICES, INC., MAGELLAN HEALTH, INC., MAGELLAN HEALTHCARE OF GEORGIA, INC., MAGELLAN MEDICAID ADMINISTRATION, INC., MAGELLAN RX MANAGEMENT, LLC | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

**COMES NOW** NorthStar Healthcare Consulting, LLC ("**NorthStar**"), by and through its undersigned counsel of record and files this Complaint against Magellan Behavioral Health Systems, LLC, Magellan Healthcare, Inc., Magellan Behavioral Services, Inc., Magellan Health, Inc., Magellan Healthcare of Georgia, Inc., Magellan Medicaid Administration, Inc., and Magellan Rx Management, LLC (sometimes collectively referred to as "Defendants" or "Magellan"), and hereby declares as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.

NorthStar is an active/compliant domestic, limited liability company, duly authorized and registered to do business in Georgia, with its principal office at 1121 Alderman Drive, Suite 112, Fulton County, Alpharetta, Georgia 30005.

2.

Magellan Behavioral Health Systems, LLC is a foreign, for-profit corporation organized under the laws of the State of Utah with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Health Systems, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Behavioral Health Systems, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

Magellan Healthcare, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Healthcare, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Healthcare, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Magellan Behavioral Services, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Services, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on

Magellan Behavioral Services, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

5.

Magellan Health, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 4800 N. Scottdale Rd., Suite 4400, Scottsdale, Arizona 85251. Magellan Health, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Health, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

6.

Magellan Healthcare of Georgia, Inc. is a domestic, for-profit corporation organized under the laws of the State of Georgia with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046. Magellan Healthcare of Georgia, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Healthcare of Georgia, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

7.

Magellan Medicaid Administration, Inc. is a foreign, for-profit corporation organized under the laws of the State of Virginia with a principal office in the State of Virginia and

licensed to do business in in the State of Georgia, with its principal office at 11013 W. Broad Street, Suite 500, Glen Allen, Virginia 23060. Magellan Medicaid Administration, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Medicaid Administration, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

8.

Magellan Rx Management, LLC is a foreign, limited liability company organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 15950 N. 76th Street, #200, Scottsdale, Arizona 85260. Magellan Rx Management, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Rx Management, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

9.

This Court has subject matter jurisdiction over all claims brought herein because the Defendants each maintain a registered agent in the state of Georgia, transact business in Georgia, and the claims are within the Superior Court's general jurisdiction.

10.

Venue lies in the Superior Court of Gwinnett County, Georgia, because the Defendants all maintain a registered agent in Gwinnett County.

4

## STATEMENT OF FACTS

11.

NorthStar repeats and re-alleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.

On or about April 10, 2013, NorthStar entered into a contract to provide certain services to Magellan (the "**Contract**"), including the sale of certain pharmacy audits and generation, production, mailing, and tracking of outcomes relative to Verification of Benefits Letters services ("**Services**").

13.

The Contract was drafted by Magellan.

14.

The Contract is governed by and in accordance with the laws of the State of Illinois.

15.

NorthStar's scope of work was defined by the Contract and attachments.  Magellan has a copy of the Contract in its possession, custody, and control.

16.

One of the clients that was serviced pursuant to the Contract was TennCare—the state Medicaid program for the State of Tennessee.

17.

In order to perform its Services under the Contract, NorthStar utilized and further developed confidential and proprietary algorithms that are designed to find pharmacy claims that

are fraudulently, erroneously, or suspiciously filed, among other things ("**Proprietary Information**").

18.

The Contract contains a confidentiality provision that states as follows:

Confidential Information shall mean and include any financial, operational, technical and other information relating to the past, present and future businesses and affairs of the party disclosing the information (the "Disclosing Party"), which information is provided to the other party (the "Receiving Party"), whether such information is provided in written, oral, graphic, pictorial or recorded form or stored on computer disks, hard drives, magnetic tape or digital or any other electronic medium. The Receiving party shall use reasonable efforts to ensure that Confidential Information is not disclosed to any third party, except employees and agents as require.  Confidential information provided to Seller pursuant to this Agreement shall, at Magellan's direction, forthwith be returned to Magellan or be destroyed, together with all copies made by Seller and by anyone to whom such confidential information has been made available by Seller. It is understood that the term "Confidential Information" does not mean and shall not include information which:

- now is or hereinafter becomes part of the public domain without breach of any obligation owed to the Disclosing Party;
- prior to disclosure hereunder is within the possession of the Receiving Party, provided that such Confidential Information is not the subject of another confidentiality agreement with or other obligation of secrecy to the Disclosing Party;
- is disclosed with the prior written approval of the Disclosing Party;
- is obligated to be produced under order of a court of competent jurisdiction or a valid administrative, congressional, or other subpoena, civil investigative demand or similar process; provided, however, that upon issuance of any such order, subpoena, demand or other process, the Receiving Party shall promptly notify the Disclosing Party so that to allow the potential opportunity to obtain a protective order;
- is independently developed by the Receiving Party without any breach of this Agreement, as evidenced by its contemporaneous written records; or
- is necessary to establish rights or enforce obligations under this Agreement.

19.

On or about August 14, 2013, Magellan represented to NorthStar that it needed NorthStar's proprietary information for an internal audit.

20.

NorthStar rejected Magellan's request for its Proprietary Information citing the sensitive and confidential nature of the information.

21.

On or about August 14, 2013, Magellan again requested NorthStar's Proprietary Information stating that its mutual client, TennCare, was requesting the information.

22.

Based on the representation that TennCare was requesting the information, NorthStar sent a document to Magellan containing the Proprietary Information, with very minor modifications made specific to TennCare to reflect its laws and policies.

23.

Thereafter, Defendants rebranded NorthStar's Proprietary Information and posted it on its website. Based upon information and belief, the Proprietary Information that NorthStar sent to Magellan—with minor modifications made specific to TennCare to reflect its laws and policies—was never disseminated to TennCare.

24.

As of the filing of this Complaint, Defendants wrongfully continued to make NorthStar's Proprietary Information available on its website.

25.

NorthStar has repeatedly demanded that Defendants cease making NorthStar's Proprietary Information publicly available. However, Defendants continued to use said Proprietary Information at certain times.

## COUNT I

## BREACH OF CONTRACT AGAINST DEFENDANTS

26.

NorthStar repeats and re-alleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

27.

Under the Contract, Defendants were prohibited from disclosing confidential information, including operations, technical, and other information to any third party, except as required by employees and agents.

28.

Defendants breached the Contract by disclosing, without justification, NorthStar's Proprietary Information on its website. Defendants have been in breach of the Contract since at least November 15, 2016, and continue to be in breach of the Contract as of the filing of this Complaint. Defendants may have committed additional breaches of the Contract.

29.

As the direct and proximate result of Defendants' breach of contract, NorthStar has suffered damages.

8

30.

NorthStar has satisfied all conditions precedent entitling it to recover for breach of the Contract.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of contract as are proven at trial, together with interest, costs and attorneys' fees.

## COUNT II

## UNJUST ENRICHMENT/QUANTUM MERUIT

31.

NorthStar repeats and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

32.

In the alternative, NorthStar conferred a benefit upon Defendants by rendering services and providing materials in furtherance of Defendants' business as described herein.

33.

Defendants solicited, accepted and benefitted from, and have been unjustly enriched by the Proprietary Information provided to it by NorthStar as described above, to the detriment of NorthStar, for which NorthStar has not been compensated.

34.

Defendants knowingly retained their ill-gotten benefit, and it would be unjust for them to retain the same without full compensation of NorthStar.

35.

As a direct and proximate result of Defendants being unjustly enriched, NorthStar incurred damages.

9

WHEREFORE NorthStar respectfully requests all damages for unjust enrichment as are proven at trial, together with interest, costs and attorney's fees.

## COUNT III

## BREACH OF ILLINOIS TRADE SECRETS ACT

36.

NorthStar repeats and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

37.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, acquiring NorthStar's Proprietary Information while knowing that the Proprietary Information belonged to NorthStar and that it was acquired by improper means.

38.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, disclosing NorthStar's Proprietary Information without express or implied consent after acquiring such information through improper means.

39.

As a direct and proximate result of Defendants breaching the Illinois Trade Secrets Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for breach of the Illinois Trade Secrets Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT IV

## BREACH OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

40.

NorthStar repeats and re-alleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

41.

Defendants breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by, among other things, passing off NorthStar's Proprietary Information as its own.

42.

Defendants further breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by causing confusion and misunderstanding as to the source, sponsorship, approval, or certification of NorthStar's Proprietary Information.

43.

As a direct and proximate result of Defendants breaching the Illinois Uniform Deceptive Trade Practices Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of the Uniform Deceptive Trade Practices Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT V

### INJUNCTIVE RELIEF

44.

NorthStar repeats and re-alleges paragraphs 1 through 42 of the Complaint as if fully set forth herein.

45.

Defendants continue to violate the Contract by the continued publication of NorthStar's Proprietary Information on Defendants' website.

46.

NorthStar is entitled to injunctive relief pursuant to 765 Ill. Comp. Stat. Ann. 1065/3 as actual misappropriation may be enjoined in order to eliminate the commercial advantage that would otherwise be derived from the misappropriation.

47.

NorthStar is entitled to injunctive relief pursuant to 815 Ill. Comp. Stat. Ann. 510/3 as NorthStar is likely to be damaged by the deceptive trade practices of Defendants.

48.

Further, paragraph 14 of the Contract provides as follows:

Since the violation by the Receiving Party of the provisions of this section could cause irreparable harm to the Disclosing Party and there is no adequate remedy at law for such violation, Disclosing Party shall have the right, in addition to any other remedies available to it at law or in equity, to enjoin the Receiving Party from violating such provisions.

WHEREFORE NorthStar is entitled to injunctive relief as against Defendants.

**WHEREFORE**, NorthStar prays for:

(a)     Breach of contract damages against Defendants in an amount to be proven at trial;

(b)     Alternatively, unjust enrichment or quantum meruit damages against Defendants in an amount to be proven at trial;

(c)     Damages pursuant to the Illinois Trade Secrets Act;

(d)     Damages pursuant to the Illinois Uniform Deceptive Trade Practices Act;

(e)     Injunctive Relief;

(f)     Costs of the suit incurred herein;

(g)     Reasonable attorneys' fees;

(h)     Interest at the legal rate until paid in full;

(i)     Trial by jury on issues so triable; and

(j)     Such other and further relief as the Court may deem just and proper.


DATED: February 17, 2017.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

David J. Matthews
Georgia Bar No.: 477510
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Plaintiff, NorthStar Healthcare*
*Consulting, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
404-876-2700
404-875-9433 Fax
dmatthews@wwhgd.com
ggreen@wwhgd.com

13

# SHERIFF'S ENTRY OF SERVICE

**17A 01468-6**

| | |
|---|---|
| Superior Court ☒ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Civil Action No. _____

Date Filed _____ 2-17-17 _____

Georgia, Gwinnett COUNTY

Attorney's Address

David I. Mathews, Esq.
3344 Peachtree Rd, NE
Ste. 2400
Atlanta, GA 30326

Northstar Healthcare
Consulting, LLC
_____ Plaintiff

vs.

Name and Address of Party to be Served.

Magellan Healthcare of Georgia, Inc,
Registered Agent: Corporation Service Co.
40 Technology Parkway South, Ste 300
Norcross, GA 30092

Magellan Behavioral Health
System, LLC, et al.
_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served to defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant _Magellan Healthcare of Georgia_ a corporation by leaving a copy of the within action and summons with _Annie Smith_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20_7_

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Northstar Healthcare Consulting, LLC

**17A  01468-6**

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

Magellan Behavioral Health, Systems, LLC,

Magellan Healthcare, Inc., Magellan

**Behavior Services, Inc., et al.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David I. Matthews, Esq.**
**Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC**
**3344 Peachtree Road, NE, Suite 2400**
**Atlanta, GA  30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____17_____ day of ___february_____ , 20 _17_.

Richard T. Alexander, Jr.,
Clerk of Superior Court

By_____.
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

2017 FEB 17  PM 3: 53

RICHARD ALEXANDER, CLERK

NORTHSTAR HEALTHCARE
CONSULTING, LLC,

      Plaintiff,

v.

MAGELLAN BEHAVIORAL HEALTH
SYSTEMS, LLC, MAGELLAN
HEALTHCARE, INC., MAGELLAN
BEHAVIORAL SERVICES, INC.,
MAGELLAN HEALTH, INC., MAGELLAN
HEALTHCARE OF GEORGIA, INC.,
MAGELLAN MEDICAID
ADMINISTRATION, INC., MAGELLAN RX
MANAGEMENT, LLC

      Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION **17A  01468-6**

FILE NO. _____

## COMPLAINT

**COMES NOW** NorthStar Healthcare Consulting, LLC ("**NorthStar**"), by and through

its undersigned counsel of record and files this Complaint against Magellan Behavioral Health

Systems, LLC, Magellan Healthcare, Inc., Magellan Behavioral Services, Inc., Magellan Health,

Inc., Magellan Healthcare of Georgia, Inc., Magellan Medicaid Administration, Inc., and

Magellan Rx Management, LLC (sometimes collectively referred to as "Defendants" or

"Magellan"), and hereby declares as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.

NorthStar is an active/compliant domestic, limited liability company, duly authorized and

registered to do business in Georgia, with its principal office at 1121 Alderman Drive, Suite 112,

Fulton County, Alpharetta, Georgia 30005.

2.

Magellan Behavioral Health Systems, LLC is a foreign, for-profit corporation organized under the laws of the State of Utah with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Health Systems, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Behavioral Health Systems, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

Magellan Healthcare, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Healthcare, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Healthcare, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Magellan Behavioral Services, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Services, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on

2

Magellan Behavioral Services, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

5.

Magellan Health, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 4800 N. Scottdale Rd., Suite 4400, Scottsdale, Arizona 85251.  Magellan Health, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Health, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

6.

Magellan Healthcare of Georgia, Inc. is a domestic, for-profit corporation organized under the laws of the State of Georgia with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.  Magellan Healthcare of Georgia, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Healthcare of Georgia, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

7.

Magellan Medicaid Administration, Inc. is a foreign, for-profit corporation organized under the laws of the State of Virginia with a principal office in the State of Virginia and

3

licensed to do business in in the State of Georgia, with its principal office at 11013 W. Broad Street, Suite 500, Glen Allen, Virginia 23060. Magellan Medicaid Administration, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Medicaid Administration, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

8.

Magellan Rx Management, LLC is a foreign, limited liability company organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 15950 N. 76th Street, #200, Scottsdale, Arizona 85260. Magellan Rx Management, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Rx Management, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

9.

This Court has subject matter jurisdiction over all claims brought herein because the Defendants each maintain a registered agent in the state of Georgia, transact business in Georgia, and the claims are within the Superior Court's general jurisdiction.

10.

Venue lies in the Superior Court of Gwinnett County, Georgia, because the Defendants all maintain a registered agent in Gwinnett County.

## STATEMENT OF FACTS

11.

NorthStar repeats and re-alleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.

On or about April 10, 2013, NorthStar entered into a contract to provide certain services to Magellan (the "**Contract**"), including the sale of certain pharmacy audits and generation, production, mailing, and tracking of outcomes relative to Verification of Benefits Letters services ("**Services**").

13.

The Contract was drafted by Magellan.

14.

The Contract is governed by and in accordance with the laws of the State of Illinois.

15.

NorthStar's scope of work was defined by the Contract and attachments.  Magellan has a copy of the Contract in its possession, custody, and control.

16.

One of the clients that was serviced pursuant to the Contract was TennCare—the state Medicaid program for the State of Tennessee.

17.

In order to perform its Services under the Contract, NorthStar utilized and further developed confidential and proprietary algorithms that are designed to find pharmacy claims that

are fraudulently, erroneously, or suspiciously filed, among other things ("**Proprietary Information**").

18.

The Contract contains a confidentiality provision that states as follows:

Confidential Information shall mean and include any financial, operational, technical and other information relating to the past, present and future businesses and affairs of the party disclosing the information (the "Disclosing Party"), which information is provided to the other party (the "Receiving Party"), whether such information is provided in written, oral, graphic, pictorial or recorded form or stored on computer disks, hard drives, magnetic tape or digital or any other electronic medium. The Receiving party shall use reasonable efforts to ensure that Confidential Information is not disclosed to any third party, except employees and agents as require.  Confidential information provided to Seller pursuant to this Agreement shall, at Magellan's direction, forthwith be returned to Magellan or be destroyed, together with all copies made by Seller and by anyone to whom such confidential information has been made available by Seller. It is understood that the term "Confidential Information" does not mean and shall not include information which:

- now is or hereinafter becomes part of the public domain without breach of any obligation owed to the Disclosing Party;
- prior to disclosure hereunder is within the possession of the Receiving Party, provided that such Confidential Information is not the subject of another confidentiality agreement with or other obligation of secrecy to the Disclosing Party;
- is disclosed with the prior written approval of the Disclosing Party;
- is obligated to be produced under order of a court of competent jurisdiction or a valid administrative, congressional, or other subpoena, civil investigative demand or similar process; provided, however, that upon issuance of any such order, subpoena, demand or other process, the Receiving Party shall promptly notify the Disclosing Party so that to allow the potential opportunity to obtain a protective order;
- is independently developed by the Receiving Party without any breach of this Agreement, as evidenced by its contemporaneous written records; or
- is necessary to establish rights or enforce obligations under this Agreement.

19.

On or about August 14, 2013, Magellan represented to NorthStar that it needed NorthStar's proprietary information for an internal audit.

20.

NorthStar rejected Magellan's request for its Proprietary Information citing the sensitive and confidential nature of the information.

21.

On or about August 14, 2013, Magellan again requested NorthStar's Proprietary Information stating that its mutual client, TennCare, was requesting the information.

22.

Based on the representation that TennCare was requesting the information, NorthStar sent a document to Magellan containing the Proprietary Information, with very minor modifications made specific to TennCare to reflect its laws and policies.

23.

Thereafter, Defendants rebranded NorthStar's Proprietary Information and posted it on its website. Based upon information and belief, the Proprietary Information that NorthStar sent to Magellan—with minor modifications made specific to TennCare to reflect its laws and policies—was never disseminated to TennCare.

24.

As of the filing of this Complaint, Defendants wrongfully continued to make NorthStar's Proprietary Information available on its website.

7

25.

NorthStar has repeatedly demanded that Defendants cease making NorthStar's Proprietary Information publicly available.    However, Defendants continued to use said Proprietary Information at certain times.

## COUNT I

## BREACH OF CONTRACT AGAINST DEFENDANTS

26.

NorthStar repeats and re-alleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

27.

Under the Contract, Defendants were prohibited from disclosing confidential information, including operations, technical, and other information to any third party, except as required by employees and agents.

28.

Defendants breached the Contract by disclosing, without justification, NorthStar's Proprietary Information on its website.  Defendants have been in breach of the Contract since at least November 15, 2016, and continue to be in breach of the Contract as of the filing of this Complaint.  Defendants may have committed additional breaches of the Contract.

29.

As the direct and proximate result of Defendants' breach of contract, NorthStar has suffered damages.

8

30.

NorthStar has satisfied all conditions precedent entitling it to recover for breach of the Contract.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of contract as are proven at trial, together with interest, costs and attorneys' fees.

## COUNT II

## UNJUST ENRICHMENT/QUANTUM MERUIT

31.

NorthStar repeats and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

32.

In the alternative, NorthStar conferred a benefit upon Defendants by rendering services and providing materials in furtherance of Defendants' business as described herein.

33.

Defendants solicited, accepted and benefitted from, and have been unjustly enriched by the Proprietary Information provided to it by NorthStar as described above, to the detriment of NorthStar, for which NorthStar has not been compensated.

34.

Defendants knowingly retained their ill-gotten benefit, and it would be unjust for them to retain the same without full compensation of NorthStar.

35.

As a direct and proximate result of Defendants being unjustly enriched, NorthStar incurred damages.

9

WHEREFORE NorthStar respectfully requests all damages for unjust enrichment as are proven at trial, together with interest, costs and attorney's fees.

## COUNT III

## BREACH OF ILLINOIS TRADE SECRETS ACT

### 36.

NorthStar repeats and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

### 37.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, acquiring NorthStar's Proprietary Information while knowing that the Proprietary Information belonged to NorthStar and that it was acquired by improper means.

### 38.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, disclosing NorthStar's Proprietary Information without express or implied consent after acquiring such information through improper means.

### 39.

As a direct and proximate result of Defendants breaching the Illinois Trade Secrets Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for breach of the Illinois Trade Secrets Act as are proven at trial, together with interest, costs and attorney's fees.

<u>**COUNT IV**</u>

<u>**BREACH OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**</u>

40.

NorthStar repeats and re-alleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

41.

Defendants breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by, among other things, passing off NorthStar's Proprietary Information as its own.

42.

Defendants further breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by causing confusion and misunderstanding as to the source, sponsorship, approval, or certification of NorthStar's Proprietary Information.

43.

As a direct and proximate result of Defendants breaching the Illinois Uniform Deceptive Trade Practices Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of the Uniform Deceptive Trade Practices Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT V

## INJUNCTIVE RELIEF

44.

NorthStar repeats and re-alleges paragraphs 1 through 42 of the Complaint as if fully set forth herein.

45.

Defendants continue to violate the Contract by the continued publication of NorthStar's Proprietary Information on Defendants' website.

46.

NorthStar is entitled to injunctive relief pursuant to 765 Ill. Comp. Stat. Ann. 1065/3 as actual misappropriation may be enjoined in order to eliminate the commercial advantage that would otherwise be derived from the misappropriation.

47.

NorthStar is entitled to injunctive relief pursuant to 815 Ill. Comp. Stat. Ann. 510/3 as NorthStar is likely to be damaged by the deceptive trade practices of Defendants.

48.

Further, paragraph 14 of the Contract provides as follows:

> Since the violation by the Receiving Party of the provisions of this section could cause irreparable harm to the Disclosing Party and there is no adequate remedy at law for such violation, Disclosing Party shall have the right, in addition to any other remedies available to it at law or in equity, to enjoin the Receiving Party from violating such provisions.

WHEREFORE NorthStar is entitled to injunctive relief as against Defendants.

12

**WHEREFORE**, NorthStar prays for:

(a)     Breach of contract damages against Defendants in an amount to be proven at trial;

(b)     Alternatively, unjust enrichment or quantum meruit damages against Defendants in an amount to be proven at trial;

(c)     Damages pursuant to the Illinois Trade Secrets Act;

(d)     Damages pursuant to the Illinois Uniform Deceptive Trade Practices Act;

(e)     Injunctive Relief;

(f)     Costs of the suit incurred herein;

(g)     Reasonable attorneys' fees;

(h)     Interest at the legal rate until paid in full;

(i)     Trial by jury on issues so triable; and

(j)     Such other and further relief as the Court may deem just and proper.


DATED: February 17, 2017.

                            WEINBERG, WHEELER, HUDGINS,
                            GUNN & DIAL, LLC

                            David J. Matthews
                            Georgia Bar No.: 477510
                            George B. Green, Jr.
                            Georgia Bar No.: 665716

                            *Attorneys for Plaintiff, NorthStar Healthcare*
                            *Consulting, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
404-876-2700
404-875-9433 Fax
dmatthews@wwhgd.com
ggreen@wwhgd.com

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. **17A 01468-6**

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Date Filed _____2-17-17_____

Attorney's Address

David I. Matthews
Weinberg Wheeler Hudgins, Gunn and Dial
3344 Peachtree Rd., Ste. 2400
Atlanta, GA 30326

Name and Address of Party to be Served.

Magellan Healthcare Inc,
Registered Agent = Corporation Service Co.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

Georgia, _Gwinnett_ COUNTY

Northstar Healthcare Consulting, LLC

_____ Plaintiff

VS.

Magellan Behavioral Health Systems, LLC, et al

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served to defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant _Magellan Healthcare Inc_ a corporation by leaving a copy of the within action and summons with _Aiah Smith_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ____ day of _____, 20 17

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Northstar Healthcare Consulting, LLC

_____

_____

_____

CIVIL ACTION 17468-6
NUMBER:_____

                          PLAINTIFF

                 VS.

Magellan Behavioral Health, Systems, LLC,

Magellan Healthcare, Inc., Magellan

**Behavior Services, Inc., et al.**

                          DEFENDANT

# SUMMONS

TO THE ABOVE NAMED DEFENDANT:

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **David I. Matthews, Esq.**
   **Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC**
   **3344 Peachtree Road, NE, Suite 2400**
   **Atlanta, GA  30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____17_____ day of __february__ _____, 20 _17_.

                                   Richard T. Alexander, Jr.,
                                   Clerk of Superior Court

                          By__ Mary Gaff _____
                                   Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

2017 FEB 17  PM 3: 53

RICHARD ALEXANDER, CLERK

NORTHSTAR HEALTHCARE          :
CONSULTING, LLC,              :
                             :
        Plaintiff,           :
                             :
v.                           :   CIVIL ACTION **17A  01468-6**
                             :
                             :   FILE NO. _____
MAGELLAN BEHAVIORAL HEALTH    :
SYSTEMS, LLC, MAGELLAN        :
HEALTHCARE, INC., MAGELLAN    :
BEHAVIORAL SERVICES, INC.,    :
MAGELLAN HEALTH, INC., MAGELLAN :
HEALTHCARE OF GEORGIA, INC.,  :
MAGELLAN MEDICAID            :
ADMINISTRATION, INC., MAGELLAN RX :
MANAGEMENT, LLC              :
                             :
        Defendants.          :

## COMPLAINT

**COMES NOW** NorthStar Healthcare Consulting, LLC ("**NorthStar**"), by and through

its undersigned counsel of record and files this Complaint against Magellan Behavioral Health

Systems, LLC, Magellan Healthcare, Inc., Magellan Behavioral Services, Inc., Magellan Health,

Inc., Magellan Healthcare of Georgia, Inc., Magellan Medicaid Administration, Inc., and

Magellan Rx Management, LLC (sometimes collectively referred to as "Defendants" or

"Magellan"), and hereby declares as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.

NorthStar is an active/compliant domestic, limited liability company, duly authorized and

registered to do business in Georgia, with its principal office at 1121 Alderman Drive, Suite 112,

Fulton County, Alpharetta, Georgia 30005.

2.

Magellan Behavioral Health Systems, LLC is a foreign, for-profit corporation organized under the laws of the State of Utah with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Health Systems, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on Magellan Behavioral Health Systems, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

Magellan Healthcare, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Healthcare, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on Magellan Healthcare, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Magellan Behavioral Services, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Services, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on

Magellan Behavioral Services, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

5.

Magellan Health, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 4800 N. Scottdale Rd., Suite 4400, Scottsdale, Arizona 85251. Magellan Health, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Health, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

6.

Magellan Healthcare of Georgia, Inc. is a domestic, for-profit corporation organized under the laws of the State of Georgia with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046. Magellan Healthcare of Georgia, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein. Service can be made on Magellan Healthcare of Georgia, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

7.

Magellan Medicaid Administration, Inc. is a foreign, for-profit corporation organized under the laws of the State of Virginia with a principal office in the State of Virginia and

licensed to do business in in the State of Georgia, with its principal office at 11013 W. Broad Street, Suite 500, Glen Allen, Virginia 23060.  Magellan Medicaid Administration, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Medicaid Administration, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

8.

Magellan Rx Management, LLC is a foreign, limited liability company organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 15950 N. 76th Street, #200, Scottsdale, Arizona 85260.  Magellan Rx Management, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Rx Management, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

9.

This Court has subject matter jurisdiction over all claims brought herein because the Defendants each maintain a registered agent in the state of Georgia, transact business in Georgia, and the claims are within the Superior Court's general jurisdiction.

10.

Venue lies in the Superior Court of Gwinnett County, Georgia, because the Defendants all maintain a registered agent in Gwinnett County.

4

## STATEMENT OF FACTS

11.

NorthStar repeats and re-alleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.

On or about April 10, 2013, NorthStar entered into a contract to provide certain services to Magellan (the "**Contract**"), including the sale of certain pharmacy audits and generation, production, mailing, and tracking of outcomes relative to Verification of Benefits Letters services ("**Services**").

13.

The Contract was drafted by Magellan.

14.

The Contract is governed by and in accordance with the laws of the State of Illinois.

15.

NorthStar's scope of work was defined by the Contract and attachments.  Magellan has a copy of the Contract in its possession, custody, and control.

16.

One of the clients that was serviced pursuant to the Contract was TennCare—the state Medicaid program for the State of Tennessee.

17.

In order to perform its Services under the Contract, NorthStar utilized and further developed confidential and proprietary algorithms that are designed to find pharmacy claims that

are fraudulently, erroneously, or suspiciously filed, among other things ("**Proprietary Information**").

18.

The Contract contains a confidentiality provision that states as follows:

Confidential Information shall mean and include any financial, operational, technical and other information relating to the past, present and future businesses and affairs of the party disclosing the information (the "Disclosing Party"), which information is provided to the other party (the "Receiving Party"), whether such information is provided in written, oral, graphic, pictorial or recorded form or stored on computer disks, hard drives, magnetic tape or digital or any other electronic medium. The Receiving party shall use reasonable efforts to ensure that Confidential Information is not disclosed to any third party, except employees and agents as require. Confidential information provided to Seller pursuant to this Agreement shall, at Magellan's direction, forthwith be returned to Magellan or be destroyed, together with all copies made by Seller and by anyone to whom such confidential information has been made available by Seller. It is understood that the term "Confidential Information" does not mean and shall not include information which:

- now is or hereinafter becomes part of the public domain without breach of any obligation owed to the Disclosing Party;
- prior to disclosure hereunder is within the possession of the Receiving Party, provided that such Confidential Information is not the subject of another confidentiality agreement with or other obligation of secrecy to the Disclosing Party;
- is disclosed with the prior written approval of the Disclosing Party;
- is obligated to be produced under order of a court of competent jurisdiction or a valid administrative, congressional, or other subpoena, civil investigative demand or similar process; provided, however, that upon issuance of any such order, subpoena, demand or other process, the Receiving Party shall promptly notify the Disclosing Party so that to allow the potential opportunity to obtain a protective order;
- is independently developed by the Receiving Party without any breach of this Agreement, as evidenced by its contemporaneous written records; or
- is necessary to establish rights or enforce obligations under this Agreement.

6

19.

On or about August 14, 2013, Magellan represented to NorthStar that it needed NorthStar's proprietary information for an internal audit.

20.

NorthStar rejected Magellan's request for its Proprietary Information citing the sensitive and confidential nature of the information.

21.

On or about August 14, 2013, Magellan again requested NorthStar's Proprietary Information stating that its mutual client, TennCare, was requesting the information.

22.

Based on the representation that TennCare was requesting the information, NorthStar sent a document to Magellan containing the Proprietary Information, with very minor modifications made specific to TennCare to reflect its laws and policies.

23.

Thereafter, Defendants rebranded NorthStar's Proprietary Information and posted it on its website. Based upon information and belief, the Proprietary Information that NorthStar sent to Magellan—with minor modifications made specific to TennCare to reflect its laws and policies—was never disseminated to TennCare.

24.

As of the filing of this Complaint, Defendants wrongfully continued to make NorthStar's Proprietary Information available on its website.

7

25.

NorthStar has repeatedly demanded that Defendants cease making NorthStar's Proprietary Information publicly available. However, Defendants continued to use said Proprietary Information at certain times.

## COUNT I

## BREACH OF CONTRACT AGAINST DEFENDANTS

26.

NorthStar repeats and re-alleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

27.

Under the Contract, Defendants were prohibited from disclosing confidential information, including operations, technical, and other information to any third party, except as required by employees and agents.

28.

Defendants breached the Contract by disclosing, without justification, NorthStar's Proprietary Information on its website. Defendants have been in breach of the Contract since at least November 15, 2016, and continue to be in breach of the Contract as of the filing of this Complaint. Defendants may have committed additional breaches of the Contract.

29.

As the direct and proximate result of Defendants' breach of contract, NorthStar has suffered damages.

8

30.

NorthStar has satisfied all conditions precedent entitling it to recover for breach of the Contract.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of contract as are proven at trial, together with interest, costs and attorneys' fees.

## COUNT II

## UNJUST ENRICHMENT/QUANTUM MERUIT

31.

NorthStar repeats and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

32.

In the alternative, NorthStar conferred a benefit upon Defendants by rendering services and providing materials in furtherance of Defendants' business as described herein.

33.

Defendants solicited, accepted and benefitted from, and have been unjustly enriched by the Proprietary Information provided to it by NorthStar as described above, to the detriment of NorthStar, for which NorthStar has not been compensated.

34.

Defendants knowingly retained their ill-gotten benefit, and it would be unjust for them to retain the same without full compensation of NorthStar.

35.

As a direct and proximate result of Defendants being unjustly enriched, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for unjust enrichment as are proven at trial, together with interest, costs and attorney's fees.

## COUNT III

## BREACH OF ILLINOIS TRADE SECRETS ACT

36.

NorthStar repeats and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

37.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, acquiring NorthStar's Proprietary Information while knowing that the Proprietary Information belonged to NorthStar and that it was acquired by improper means.

38.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, disclosing NorthStar's Proprietary Information without express or implied consent after acquiring such information through improper means.

39.

As a direct and proximate result of Defendants breaching the Illinois Trade Secrets Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for breach of the Illinois Trade Secrets Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT IV

## BREACH OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

40.

NorthStar repeats and re-alleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

41.

Defendants breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by, among other things, passing off NorthStar's Proprietary Information as its own.

42.

Defendants further breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by causing confusion and misunderstanding as to the source, sponsorship, approval, or certification of NorthStar's Proprietary Information.

43.

As a direct and proximate result of Defendants breaching the Illinois Uniform Deceptive Trade Practices Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of the Uniform Deceptive Trade Practices Act as are proven at trial, together with interest, costs and attorney's fees.

11

## COUNT V

## INJUNCTIVE RELIEF

### 44.

NorthStar repeats and re-alleges paragraphs 1 through 42 of the Complaint as if fully set forth herein.

### 45.

Defendants continue to violate the Contract by the continued publication of NorthStar's Proprietary Information on Defendants' website.

### 46.

NorthStar is entitled to injunctive relief pursuant to 765 Ill. Comp. Stat. Ann. 1065/3 as actual misappropriation may be enjoined in order to eliminate the commercial advantage that would otherwise be derived from the misappropriation.

### 47.

NorthStar is entitled to injunctive relief pursuant to 815 Ill. Comp. Stat. Ann. 510/3 as NorthStar is likely to be damaged by the deceptive trade practices of Defendants.

### 48.

Further, paragraph 14 of the Contract provides as follows:

> Since the violation by the Receiving Party of the provisions of this section could cause irreparable harm to the Disclosing Party and there is no adequate remedy at law for such violation, Disclosing Party shall have the right, in addition to any other remedies available to it at law or in equity, to enjoin the Receiving Party from violating such provisions.

WHEREFORE NorthStar is entitled to injunctive relief as against Defendants.

**WHEREFORE**, NorthStar prays for:

(a)      Breach of contract damages against Defendants in an amount to be proven at trial;

(b)      Alternatively, unjust enrichment or quantum meruit damages against Defendants in an amount to be proven at trial;

(c)      Damages pursuant to the Illinois Trade Secrets Act;

(d)      Damages pursuant to the Illinois Uniform Deceptive Trade Practices Act;

(e)      Injunctive Relief;

(f)      Costs of the suit incurred herein;

(g)      Reasonable attorneys' fees;

(h)      Interest at the legal rate until paid in full;

(i)      Trial by jury on issues so triable; and

(j)      Such other and further relief as the Court may deem just and proper.

DATED: February 17, 2017.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

David J. Matthews
Georgia Bar No.: 477510
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Plaintiff, NorthStar Healthcare
Consulting, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
404-876-2700
404-875-9433 Fax
dmatthews@wwhgd.com
ggreen@wwhgd.com

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. **17A 01468-6**

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed _2-17-17_

Georgia, Gwinnett COUNTY

North Star Healthcare
Consulting, LLC
_____ Plaintiff

Attorney's Address
David I. Matthews, Esq.
3344 Peachtree Rd, NE
Ste. 2400
Atlanta, GA 30326

vs.

Magellan Behavioral Health
System, LLC, et. al.
_____ Defendant

Name and Address of Party to be Served.

Magellan RX Management, LLC
Registered Agent: Corporation Service Co.
40 Technology Parkway South, Ste 300
Norcross, GA 30092

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served to defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐  I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled
at the residence of defendant.

**CORPORATION** ☑  Served the defendant _Magellan RX Management LLC_ _____ a corporation
by leaving a copy of the within action and summons with _Alihe Juil_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door
of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the
United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons,
with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the
summons.

**NON EST** ☐  Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, 20_17_

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**17A  01468-6**

Northstar Healthcare Consulting, LLC

_____

_____

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

Magellan Behavioral Health, Systems, LLC,

Magellan Healthcare, Inc., Magellan

**Behavior Services, Inc., et al.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **David I. Matthews, Esq.**
   **Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC**
   **3344 Peachtree Road, NE, Suite 2400**
   **Atlanta, GA   30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____17_____ day of ___february___, 20_17_.

Richard T. Alexander, Jr.,
Clerk of Superior Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2017 FEB 17  PM 3: 53

RICHARD ALEXANDER. CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

NORTHSTAR HEALTHCARE
CONSULTING, LLC,

      Plaintiff,

v.

MAGELLAN BEHAVIORAL HEALTH
SYSTEMS, LLC, MAGELLAN
HEALTHCARE, INC., MAGELLAN
BEHAVIORAL SERVICES, INC.,
MAGELLAN HEALTH, INC., MAGELLAN
HEALTHCARE OF GEORGIA, INC.,
MAGELLAN MEDICAID
ADMINISTRATION, INC., MAGELLAN RX
MANAGEMENT, LLC

      Defendants.

CIVIL ACTION  **17A 01468-6**

FILE NO. _____

## COMPLAINT

**COMES NOW** NorthStar Healthcare Consulting, LLC ("**NorthStar**"), by and through

its undersigned counsel of record and files this Complaint against Magellan Behavioral Health

Systems, LLC, Magellan Healthcare, Inc., Magellan Behavioral Services, Inc., Magellan Health,

Inc., Magellan Healthcare of Georgia, Inc., Magellan Medicaid Administration, Inc., and

Magellan Rx Management, LLC (sometimes collectively referred to as "Defendants" or

"Magellan"), and hereby declares as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.

NorthStar is an active/compliant domestic, limited liability company, duly authorized and

registered to do business in Georgia, with its principal office at 1121 Alderman Drive, Suite 112,

Fulton County, Alpharetta, Georgia 30005.

2.

Magellan Behavioral Health Systems, LLC is a foreign, for-profit corporation organized under the laws of the State of Utah with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Health Systems, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on Magellan Behavioral Health Systems, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

3.

Magellan Healthcare, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Healthcare, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on Magellan Healthcare, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Magellan Behavioral Services, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Behavioral Services, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.   Service can be made on

Magellan Behavioral Services, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

5.

Magellan Health, Inc. is a foreign, for-profit corporation organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 4800 N. Scottdale Rd., Suite 4400, Scottsdale, Arizona 85251.  Magellan Health, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Health, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

6.

Magellan Healthcare of Georgia, Inc. is a domestic, for-profit corporation organized under the laws of the State of Georgia with a principal office in the State of Maryland and licensed to do business in in the State of Georgia, with its principal office at 6950 Columbia Gateway Dr., Columbia, Maryland 21046.   Magellan Healthcare of Georgia, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Healthcare of Georgia, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

7.

Magellan Medicaid Administration, Inc. is a foreign, for-profit corporation organized under the laws of the State of Virginia with a principal office in the State of Virginia and

3

licensed to do business in in the State of Georgia, with its principal office at 11013 W. Broad Street, Suite 500, Glen Allen, Virginia 23060.  Magellan Medicaid Administration, Inc. and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Medicaid Administration, Inc. by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

8.

Magellan Rx Management, LLC is a foreign, limited liability company organized under the laws of the State of Delaware with a principal office in the State of Arizona and licensed to do business in in the State of Georgia, with its principal office at 15950 N. 76th Street, #200, Scottsdale, Arizona 85260.  Magellan Rx Management, LLC and its affiliates solicited services from and contracted with NorthStar as set forth herein.  Service can be made on Magellan Rx Management, LLC by serving its registered agent: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

9.

This Court has subject matter jurisdiction over all claims brought herein because the Defendants each maintain a registered agent in the state of Georgia, transact business in Georgia, and the claims are within the Superior Court's general jurisdiction.

10.

Venue lies in the Superior Court of Gwinnett County, Georgia, because the Defendants all maintain a registered agent in Gwinnett County.

## STATEMENT OF FACTS

### 11.

NorthStar repeats and re-alleges paragraphs 1 through 10 of the Complaint as if fully set forth herein.

### 12.

On or about April 10, 2013, NorthStar entered into a contract to provide certain services to Magellan (the "**Contract**"), including the sale of certain pharmacy audits and generation, production, mailing, and tracking of outcomes relative to Verification of Benefits Letters services ("**Services**").

### 13.

The Contract was drafted by Magellan.

### 14.

The Contract is governed by and in accordance with the laws of the State of Illinois.

### 15.

NorthStar's scope of work was defined by the Contract and attachments.  Magellan has a copy of the Contract in its possession, custody, and control.

### 16.

 One of the clients that was serviced pursuant to the Contract was TennCare—the state Medicaid program for the State of Tennessee.

### 17.

In order to perform its Services under the Contract, NorthStar utilized and further developed confidential and proprietary algorithms that are designed to find pharmacy claims that

are fraudulently, erroneously, or suspiciously filed, among other things ("**Proprietary Information**").

18.

The Contract contains a confidentiality provision that states as follows:

Confidential Information shall mean and include any financial, operational, technical and other information relating to the past, present and future businesses and affairs of the party disclosing the information (the "Disclosing Party"), which information is provided to the other party (the "Receiving Party"), whether such information is provided in written, oral, graphic, pictorial or recorded form or stored on computer disks, hard drives, magnetic tape or digital or any other electronic medium. The Receiving party shall use reasonable efforts to ensure that Confidential Information is not disclosed to any third party, except employees and agents as require.  Confidential information provided to Seller pursuant to this Agreement shall, at Magellan's direction, forthwith be returned to Magellan or be destroyed, together with all copies made by Seller and by anyone to whom such confidential information has been made available by Seller. It is understood that the term "Confidential Information" does not mean and shall not include information which:

- now is or hereinafter becomes part of the public domain without breach of any obligation owed to the Disclosing Party;
- prior to disclosure hereunder is within the possession of the Receiving Party, provided that such Confidential Information is not the subject of another confidentiality agreement with or other obligation of secrecy to the Disclosing Party;
- is disclosed with the prior written approval of the Disclosing Party;
- is obligated to be produced under order of a court of competent jurisdiction or a valid administrative, congressional, or other subpoena, civil investigative demand or similar process; provided, however, that upon issuance of any such order, subpoena, demand or other process, the Receiving Party shall promptly notify the Disclosing Party so that to allow the potential opportunity to obtain a protective order;
- is independently developed by the Receiving Party without any breach of this Agreement, as evidenced by its contemporaneous written records; or
- is necessary to establish rights or enforce obligations under this Agreement.

6

19.

On or about August 14, 2013, Magellan represented to NorthStar that it needed NorthStar's proprietary information for an internal audit.

20.

NorthStar rejected Magellan's request for its Proprietary Information citing the sensitive and confidential nature of the information.

21.

On or about August 14, 2013, Magellan again requested NorthStar's Proprietary Information stating that its mutual client, TennCare, was requesting the information.

22.

Based on the representation that TennCare was requesting the information, NorthStar sent a document to Magellan containing the Proprietary Information, with very minor modifications made specific to TennCare to reflect its laws and policies.

23.

Thereafter, Defendants rebranded NorthStar's Proprietary Information and posted it on its website.  Based upon information and belief, the Proprietary Information that NorthStar sent to Magellan—with minor modifications made specific to TennCare to reflect its laws and policies—was never disseminated to TennCare.

24.

As of the filing of this Complaint, Defendants wrongfully continued to make NorthStar's Proprietary Information available on its website.

7

25.

NorthStar has repeatedly demanded that Defendants cease making NorthStar's Proprietary Information publicly available.   However, Defendants continued to use said Proprietary Information at certain times.

## COUNT I

## BREACH OF CONTRACT AGAINST DEFENDANTS

26.

NorthStar repeats and re-alleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

27.

Under the Contract, Defendants were prohibited from disclosing confidential information, including operations, technical, and other information to any third party, except as required by employees and agents.

28.

Defendants breached the Contract by disclosing, without justification, NorthStar's Proprietary Information on its website.  Defendants have been in breach of the Contract since at least November 15, 2016, and continue to be in breach of the Contract as of the filing of this Complaint.  Defendants may have committed additional breaches of the Contract.

29.

As the direct and proximate result of Defendants' breach of contract, NorthStar has suffered damages.

8

30.

NorthStar has satisfied all conditions precedent entitling it to recover for breach of the Contract.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of contract as are proven at trial, together with interest, costs and attorneys' fees.

## COUNT II

## UNJUST ENRICHMENT/QUANTUM MERUIT

31.

NorthStar repeats and re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

32.

In the alternative, NorthStar conferred a benefit upon Defendants by rendering services and providing materials in furtherance of Defendants' business as described herein.

33.

Defendants solicited, accepted and benefitted from, and have been unjustly enriched by the Proprietary Information provided to it by NorthStar as described above, to the detriment of NorthStar, for which NorthStar has not been compensated.

34.

Defendants knowingly retained their ill-gotten benefit, and it would be unjust for them to retain the same without full compensation of NorthStar.

35.

As a direct and proximate result of Defendants being unjustly enriched, NorthStar incurred damages.

9

WHEREFORE NorthStar respectfully requests all damages for unjust enrichment as are proven at trial, together with interest, costs and attorney's fees.

## COUNT III

## BREACH OF ILLINOIS TRADE SECRETS ACT

36.

NorthStar repeats and re-alleges paragraphs 1 through 34 of the Complaint as if fully set forth herein.

37.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, acquiring NorthStar's Proprietary Information while knowing that the Proprietary Information belonged to NorthStar and that it was acquired by improper means.

38.

Defendants breached the Illinois Trade Secrets Act, codified at 765 Ill. Comp. Stat. Ann. 1065/2, by, among other things, disclosing NorthStar's Proprietary Information without express or implied consent after acquiring such information through improper means.

39.

As a direct and proximate result of Defendants breaching the Illinois Trade Secrets Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests all damages for breach of the Illinois Trade Secrets Act as are proven at trial, together with interest, costs and attorney's fees.

## COUNT IV

## BREACH OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

40.

NorthStar repeats and re-alleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

41.

Defendants breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by, among other things, passing off NorthStar's Proprietary Information as its own.

42.

Defendants further breached the Illinois Uniform Deceptive Trade Practices Act, codified at 815 Ill. Comp. Stat. Ann. 510/2, by causing confusion and misunderstanding as to the source, sponsorship, approval, or certification of NorthStar's Proprietary Information.

43.

As a direct and proximate result of Defendants breaching the Illinois Uniform Deceptive Trade Practices Act, NorthStar incurred damages.

WHEREFORE NorthStar respectfully requests that it be awarded all damages for breach of the Uniform Deceptive Trade Practices Act as are proven at trial, together with interest, costs and attorney's fees.

11

## COUNT V

## INJUNCTIVE RELIEF

44.

NorthStar repeats and re-alleges paragraphs 1 through 42 of the Complaint as if fully set forth herein.

45.

Defendants continue to violate the Contract by the continued publication of NorthStar's Proprietary Information on Defendants' website.

46.

NorthStar is entitled to injunctive relief pursuant to 765 Ill. Comp. Stat. Ann. 1065/3 as actual misappropriation may be enjoined in order to eliminate the commercial advantage that would otherwise be derived from the misappropriation.

47.

NorthStar is entitled to injunctive relief pursuant to 815 Ill. Comp. Stat. Ann. 510/3 as NorthStar is likely to be damaged by the deceptive trade practices of Defendants.

48.

Further, paragraph 14 of the Contract provides as follows:

Since the violation by the Receiving Party of the provisions of this section could cause irreparable harm to the Disclosing Party and there is no adequate remedy at law for such violation, Disclosing Party shall have the right, in addition to any other remedies available to it at law or in equity, to enjoin the Receiving Party from violating such provisions.

WHEREFORE NorthStar is entitled to injunctive relief as against Defendants.

12

**WHEREFORE**, NorthStar prays for:

(a)   Breach of contract damages against Defendants in an amount to be proven at trial;

(b)   Alternatively, unjust enrichment or quantum meruit damages against Defendants in an amount to be proven at trial;

(c)   Damages pursuant to the Illinois Trade Secrets Act;

(d)   Damages pursuant to the Illinois Uniform Deceptive Trade Practices Act;

(e)   Injunctive Relief;

(f)   Costs of the suit incurred herein;

(g)   Reasonable attorneys' fees;

(h)   Interest at the legal rate until paid in full;

(i)   Trial by jury on issues so triable; and

(j)   Such other and further relief as the Court may deem just and proper.

DATED: February 17, 2017.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

David J. Matthews
Georgia Bar No.: 477510
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Plaintiff, NorthStar Healthcare Consulting, LLC*

3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
404-876-2700
404-875-9433 Fax
dmatthews@wwhgd.com
ggreen@wwhgd.com

13

# SHERIFF'S ENTRY OF SERVICE

17A 01468

| | | |
|---|---|---|
| Superior Court ☑ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Civil Action No. _____

Date Filed _____2-17-17_____

Georgia, _Gwinnett_ COUNTY

Attorney's Address

David I. Matthews, Esq.
3344 Peachtree Rd. NE Ste. 2400
Atlanta, GA 30326

Northstar Healthcare
Consulting LLC
_____ Plaintiff

vs.

Magellan Behavioral Health,
Systems, LLC, et al,
_____ Defendant

Name and Address of Party to be Served.

Magellan Medicaid Administration, Inc,
Registered Agent: Corporation Service Co.
40 Technology Parkway South Ste. 300
Norcross, GA 30092

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served to defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐

Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _22_ day of _____, 20__

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT