IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NORTHSTAR HEALTHCARE
CONSULTING, LLC,

      Plaintiff/Counterclaim
      Defendant,

v.

MAGELLAN HEALTH, INC.,

      Defendant/Counterclaim
      Plaintiff,

and

MAGELLAN MEDICAID
ADMINISTRATION, INC.; and
MAGELLAN RX MANAGEMENT, INC.,

      Defendants.

CIVIL ACTION NO.
1:17-CV-1071-ODE

ORDER

    This closed civil action is presently before the Court to determine the reasonable litigation costs and attorneys' fees owed to Defendants/Counterclaim Plaintiffs Magellan Health, Inc., Magellan Medicaid Administration, Inc., and Magellan Rx Management, Inc. (collectively, "Defendants"). On November 4, 2019, Defendants filed a Motion for Attorneys' Fees and Litigation Costs [Doc. 299], asking the Court to award them the litigation costs and attorneys' fees associated with defending against Plaintiff NorthStar Healthcare Consulting, LLC's misappropriation of trade secrets claims. On December 4, 2019, Defendants filed a Notice of Filing Declarations in Support of Defendants' Motion for Attorneys' Fees and Litigation Costs [Doc. 303], detailing the fees and costs sought.

On February 20, 2020, this Court granted Defendants' Motion for Attorneys' Fees and Litigation Costs [Doc. 311] and directed Defendants to file with the Court, in writing, a detailed accounting of the work effort involved in defending Plaintiff's trade secret claims. Defendants filed their accounting[1] on March 2, 2020 [Doc. 312], seeking $1,646,906.50. These costs are detailed in the summary of invoices included in Defendants' Bill of Costs.[2] Plaintiff filed a response in opposition to Defendants' Bill of Costs on March 12, 2020 [Doc. 313]. The issue before the Court is whether the amount sought by Defendants is reasonable.

## I.   DISCUSSION

Under Federal Rule of Civil Procedure 54, a prevailing party may recover their litigation costs and attorneys' fees. See Fed. R. Civ. P. 54(d)(1) and (d)(2). Rule 54(d)(1) allows a prevailing party to recover its litigation costs, Salvador v. Brico, LLC, 796 F. App'x 654, 656 (11th Cir. 2020), and Rule 54(d)(2) allows a prevailing party to recover its attorneys' fees, Archer-Daniels-Midland Co. v. Reyes, CIVIL ACTION NO. 1:13-CV-02194-CC, 2016 WL 11544409, at *2 (N.D. Ga. Sept. 30, 2016); see also LR 54, NDGa.

---

[1]Defendants styled their accounting as a Notice of Filing Second Declaration of Christopher A. Wiech in Support of Defendants' Motion for Attorneys' Fees and Litigation Costs [Doc. 312].

[2]Defendants have filed two versions of their accounting. The Court therefore refers to Doc. 303 and Doc. 312 collectively as Defendants' "Bill of Costs."

-2-

**A.    Litigation Costs**

Rule 54(d) does not allow judges "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." <u>Farmer v. Arabian Am. Oil Co.</u>, 379 U.S. 227, 235 (1964), <u>disapproved of on other grounds by</u> <u>Crawford Fitting Co. v. J. T. Gibbons, Inc.</u>, 482 U.S. 437, 442-43 (1987); <u>Helms v. Wal-Mart Stores, Inc.</u>, 808 F. Supp. 1568, 1569 (N.D. Ga. 1992).  Rather, district courts must limit costs awarded under Rule 54(d) to those items set forth in 28 U.S.C. § 1920 and other related statutes.  <u>See</u> <u>Crawford</u>, 482 U.S. at 445; <u>Mathews v. Crosby</u>, 480 F.3d 1265, 1276 (11th Cir. 2007); <u>Helms</u>, 808 F. Supp. at 1569.  Taxable costs under § 1920 include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In response, Plaintiff concedes Defendants are entitled to court reporter and filing fees under Rule 51(d)(1) and 28 U.S.C. § 1920(4).  Therefore, Plaintiff does not dispute that it owes Defendants $30,415.40 for court reporter services and $700 for transcripts and filing fees, for a total of $31,115.40.

-3-

However, Plaintiff does take issue with Defendants' requests for e-discovery costs and expert witness fees.  The Court addresses each argument in turn.

### i.   E-Discovery Costs

As part of their Bill of Costs, Defendants seek $101,363.75 that was billed by its e-discovery vendor [Doc. 312-1 at 11]. Plaintiff argues these costs are not recoverable under 28 U.S.C. § 1920.  The United States Court of Appeals for the Eleventh Circuit has not directly ruled on what e-discovery related costs are recoverable under 28 U.S.C. § 1920.  However, the Federal Circuit has addressed the issue, relying in part on Eleventh Circuit law.  See CBT Flint Partners, LLC v. Return Path, Inc., 737 F.3d 1320, 1326 (Fed. Cir. 2013).

In determining what e-discovery costs are included in the scope of § 1920(4), the Federal Circuit divided e-discovery costs into three categories:

> (1) copying electronic documents as a whole from their source material (e.g., a computer hard drive); (2) organizing the electronic materials into a database; indexing, decrypting, and de-duplicating the materials; and then filtering and reviewing the materials to determine which ones are privileged or responsive to discovery requests; and (3) exporting electronic documents onto deliverable memory media, such as a hard drive or a DVD.

Harrison v. Belk, Inc., CIVIL ACTION FILE NUMBER 1:15-cv-3743-TCB, 2018 WL 10140301, at *2 (N.D. Ga. Jan. 12, 2018) (citation omitted);' see also Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp., 2 F. Supp. 3d 1306, 1314 (N.D. Ga. 2014).  The court concluded that category one costs are mostly taxable, category two costs are mostly nontaxable, and category three costs are taxable.  Akanthos Capital, 2 F. Supp. 3d at 1314.

-4-

Cases in the United States District Court for the Northern District of Georgia have adopted this framework.  See <u>Harrison</u>, 2018 WL 10140301, at *2; <u>United States ex. rel. Saldivar v. Fresenius Med. Care Holdings, Inc.</u>, 291 F. Supp. 3d 1345, 1352 (N.D. Ga. 2017); <u>Akanthos Capital</u>, 2 F. Supp. 3d at 1314.

Defendants seek costs for services such as "collection of [electronically stored information ("ESI")], hosting ESI, and producing documents in the case" [Doc. 312-1 at 11].  Because these activities relate to the collection, retention, and organization of data, the Court interprets them as falling into category two.  The cost of "creating a dynamic, indexed and searchable database is nothing more than an efficient, convenient, modern-day version of paper document review" and therefore "cannot be taxed."  <u>Akanthos Capital</u>, 2 F. Supp. 3d at 1318; <u>see also</u> <u>Race Tires Am., Inc. v. Hoosier Racing Tire Corp.</u>, 674 F.3d 158, 170 (3d Cir. 2012) (approving of cases "recogniz[ing] that gathering, preserving, processing, searching, culling and extracting ESI simply do not amount to 'making copies'"); <u>Harrison</u>, 2018 WL 10140301, at *2 (finding general entries such as processing and storage fees not recoverable under § 1920).  Accordingly, the Court DENIES Defendants' request for $101,363.75 in e-discovery fees.

### ii.  Expert Witness Fees

Plaintiff additionally objects to the expert witness fees listed in Defendants' Bill of Costs.  Defendants seek $131,598.85 in expert witness fees to be paid to experts Denise T. Dauphine ("Dauphin") and Mark A. Tripodi ("Tripodi") as taxable costs under § 1920.  The power of the Court to tax

-5-

witness costs is conferred by 28 U.S.C. § 1920(3), however the amount of witness fees that may be charged under § 1920(3) is governed by 28 U.S.C. § 1821. Crawford, 482 U.S. at 445; Helms, 808 F. Supp. at 1572.

Section 1821 states that "a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition . . . shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). Under § 1821(b), the Court may only tax expert witness fees in the amount of $40 per day. See Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co., 275 F.3d 1038, 1040 (11th Cir. 2001) (holding "costs that may be assessed to reimburse a prevailing party for its expert witness fees are limited to the $40 limit provided for in 28 U.S.C. § 1821(b)"); Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 463 (11th Cir. 1996) (finding "district court erred in taxing as costs any amount for expert witness fees in excess of the $40 per day allowed under § 1821"); Helms, 808 F. Supp. at 1572 ("A district court cannot grant the cost of a witness fee that is higher than the forty dollars set forth in section 1821.").

Defendants are therefore entitled solely to $40 per day, per witness in expert fees, and not the $131,598.85 they seek. According to Plaintiff, Dauphine and Tripodi were each deposed one time, entitling Defendants to recover a total of $80 per diem fees. The Court therefore DENIES Defendants' request for $131,598.85 and instead orders a witness fee of $80 for Dauphine

-6-

and Tripodi's deposition testimony.  Thus, Defendants are entitled a total of $31,195.40[3] in litigation costs.

### B.   Attorneys' Fees

Defendants last request $1,382,828.50 in attorneys' fees. In response, Plaintiff contends Defendants have not sufficiently isolated the fees related solely to the defense of the GTSA and DTSA claims.  According to Plaintiff, the Court must exclude "excessive, redundant or otherwise unnecessary" work. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988).  Plaintiff also argues that "[a] well-prepared fee petition . . . [sh]ould include a summary, grouping the time entries by the nature of the activity or stage of the case." Id. at 1303; see also Edelen v. Campbell Soup Co., 265 F.R.D. 676, 693-94 (N.D. Ga. 2010) (citation omitted).

Having reviewed Defendants' Bill of Costs, the Court is satisfied that Defendants provided such a summary of costs [see Doc. 303; Doc. 312] and that the sum sought is reasonable. First, the parties have focused predominantly on Plaintiff's allegations of trade secret misappropriation since the onset of the case.  Moreover, Defendants do not seek to recover any attorneys' fees since the Court awarded them summary judgment on July 10, 2019.  Defendants have also excluded fees attributable to their counterclaims against Plaintiff.  The Court therefore GRANTS Defendants' request for $1,382,828.50 in attorneys' fees.

---

[3]This sum includes $30,415.40 for court reporter services, $700 for transcripts and filing fees, and $80 for expert witness fees.

## II.  CONCLUSION

For the reasons provided above, the Court GRANTS in part and DENIES in part Defendants' Bill of Costs [Doc. 312].  The Court GRANTS Defendants' request for $1,382,828.50 in attorneys' fees.   The Court, however, DENIES Defendants' request for $131,598.85 in expert costs and $132,479.15 in non-expert costs. The Court instead GRANTS $80 in expert costs and $31,115.40 in non-expert  costs.   Defendants  are  hereby  entitled  to $1,414,023.90 in litigation costs and attorneys' fees.

SO ORDERED, this ___10___ day of June, 2020.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE